UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL EARL GLINTON, 23019885,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendant(s). | Case No. 24-cv-01715-SK  (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee at the Santa Clara County Jail, Elwood Facility in Milpitas, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that in September 2023 he was "assaulted by numerous inmates" in the dayroom area of Barracks 9 and was "severely injured and hospitalized with a broken left mandible, broken nose, and broken right hand." Compl. (ECF No. 1) at 2-3.  Plaintiff claims no deputies or employees came to his aid during or after the assault because the cameras that monitor the barracks were not working and seeks monetary damages for his injuries "due to employee neglect for my safety and failure to repair the security equipment to [e]nsure my safety." Id. at 3.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment. See United States v. Salerno, 481 U.S. 739, 746-47 (1987); Bell, 441 U.S. at 535-36. But under both clauses, an inmate bringing a failure-to-protect claim must show that the prison official acted with deliberate indifference. Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).

Whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. Id. at 1068-70 (holding that objective standard of Kingsley v. Hendrickson, 576 U.S. 389 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to-protect claim." Id. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." Id. at 1071.

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Id. (footnote omitted).

Plaintiff's complaint will be dismissed with leave to amend to allege specific facts in support of a due process failure-to-protect claim against the jail employees whom he suggests are responsible for his injuries, if possible. See id. Plaintiff also must name the jail employees as individual defendants in this action and allege specific facts linking every named individual defendant with his allegations of wrongdoing to show how each named individual defendant actually and proximately caused the deprivation of Plaintiff's federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff also may be able to proceed with a claim that official policy or custom of Santa Clara County and/or one of its agencies/departments caused the constitutional violations of which he complains. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). But to constitute actionable policy or custom, a local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 389. Plaintiff will be provided an opportunity to allege specific facts in support of a § 1983 claim that official policy or custom of Santa Clara County and/or one of its agencies/departments caused the constitutional violations of which he complains, if possible.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated

1  time will result in the dismissal of this action.

2      Plaintiff is advised that the amended complaint will supersede the original complaint and
3  all other pleadings.  Claims and defendants not included in the amended complaint will not be
4  considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

5      **IT IS SO ORDERED**.

6  Dated: May 29, 2024



SALLIE KIM
United States Magistrate Judge